```
            THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                                 CENTRAL DIVISION

 *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

AT&T COMMUNICATIONS OF THE        )       Case No. 2:06CV00783 DS
MOUNTAIN STATES, INC. ET AL.,

            Plaintiffs,           )

      vs.                         )       MEMORANDUM OPINION
                                          AND ORDER ADDRESSING
                                  )       MOTION TO DISMISS
QWEST CORPORATION,
                                  )

            Defendant.            )

 *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## I.  INTRODUCTION

Defendant Qwest Corporation ("Qwest") moves to dismiss this matter with prejudice as barred by the expiration of the two year statute of limitations set forth in 47 U.S.C. § 415.  For the reasons that follow, the Motion is granted.


As discussed more fully in the Court's February 13, 2007 Memorandum Decision denying the Motion to Remand of Plaintiffs AT&T Communications of the Mountain States, Inc. and TCG Utah (collectively "AT&T"), the Federal Telecommunications Act of 1996 (the "1996 Act"), 47 U.S.C. § 151 *et seq.*, requires telecommunications carriers competing within the same area to interconnect their networks in order that customers of one carrier may call customers of other carriers.  In the instant dispute,  AT&T asserts that Qwest charged it more than competing

carriers under unfiled interconnection agreements in violation of federal and state law.

In support of its Motion Qwest urges that because AT&T's claims depend on, or are intertwined with, the 1996 Act's requirements to file interconnection agreements, the two year limitation period of Section 415 governs.  AT&T continues to contend that the interconnection agreements are simply privately negotiated contracts subject to interpretation under state law. It argues, therefore, that its contract claim is timely under Utah's six year limitation period set forth in Utah Code Ann. § 78-12-23(2).

## II. MOTION TO DISMISS STANDARD

When a motion to dismiss is filed, the burden is on the movant to prove that the non-movant can prove no set of facts in support of his claim which would entitle him to relief.  *Shoultz v. Monfort of Colorado, Inc.*, 754 F.2d 318 (10th Cir. 1985), *cert. denied*, 475 U.S. 1044 (1986); *Conley v. Gibson*, 355 U.S. 41 (1957).  The court is to presume for purposes of considering the motion that all allegations by the non-movant are true and all reasonable inferences are made in favor of the non-movant.  *Lafoy v. HMO Colorado*, 988 F.2d 97 (10th Cir. 1993); *Miree v. DeKalb County*, 433 U.S. 25 (1977).  Legal conclusions, deductions, and opinions couched as facts are, however, not given such a

presumption.  *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); *Swanson v. Bixler*, 750 F.2d 810 (10th Cir. 1984).  The likelihood that the plaintiff may or may not prevail at trial is immaterial at the time of decision on a motion to dismiss. *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759 (5th Cir. 1984).

### III. DISCUSSION

In its Memorandum Decision denying AT&T's Motion to Remand, which is incorporated herein by reference, the Court concluded "the legal and contractual duties alleged to have been breached are imposed by the 1966 Act.  They are at the heart of AT&T's Complaint and their resolution depends on the application and interpretation of federal law." Op. pp. 9-10.  For purposes of the present Motion, the Court agrees with Qwest that regardless of the labels used, AT&T's contract claims arise under, or are inextricably intertwined with, federal law.  As such they are subject to the two year statute of limitations set forth in 47 U.S.C. § 415.[1]  The Court's conclusion is further supported by

---

[1] The parties have not specifically raised, and the Court has not addressed, whether the doctrine of preemption applies to any putative state law claim(s) in this case.  The Court observes, however, that regardless of whether any such claim alleged may or may not be preempted by the 1996 Act, the Utah six year statute of limitations proposed by AT&T is in direct conflict with the limitation period set forth at 47 U.S.C. § 415 and, therefore, would be preempted.  A state law can be preempted when it conflicts with federal law.  *Kidneigh v. Unum Life Ins. Co. of America*, 345 F.3d 1182, 1185 (10th Cir. 2003), *cert. denied*, 540 U.S. 1184 (2004).  "Where a state law 'stands as an obstacle to

the recent decision of the United States District Court for the District of Nebraska finding AT&T's similar contract claims barred by the two year statute of limitations contained in 47 U.S.C. § 415 and granting Qwest's motion to dismiss.[2]  The Court is similarly persuaded by the discussion and analysis contained in the 2006 Order of the Oregon Public Utility Commission applying the 1996 Act's two year statute of limitations period to AT&T's breach of contract claims.[3]

The un-controverted record supports Qwest's assertion that AT&T's claims occurred more than two years prior to the filing of the Complaint in 2006.  Because the present action was not timely filed until 2006, it must be dismissed.

---

the accomplishment and execution of the full purposes and objectives of Congress,' then the state law is preempted."  *Id.* (citation omitted).  The basic purpose of the 1996 Act was to remove regulation of local telephone markets from states and to substitute a federal scheme to promote competition.  *Verizon Maryland, Inc. V. Global Naps, Inc.*, 377 F.3d 355, 365 (4th Cir. 2004)(citing *AT&T Corp. v. Iowa Utilities* Bd., 525 U.S.  366, 378 n.6 (1999)).  Permitting Utah's statute of limitations to trump the federal statute of limitations would "stand as an obstacle" to Congressional intent.

   [2]*See* Memorandum Opinion, *AT&T Communications of the Midwest v. Qwest Corp.*, Case No 8:06CV625 (D. Neb. Feb. 27, 2006) attached to Reply as Exhibit 1.

   [3]*See* Oregon Public Utility Commission, Order No. 06-230, Order Granting Motion to Dismiss, *AT&T Communications of the Northwest, Inc., et al. v. Qwest Corp.*, Docket No. UM-1232 (May 11, 2006), *aff'd on reconsideration*, Order No 06-465, Order Denying Petition for Reconsideration (August 16, 2006).

### III. CONCLUSION

For the reasons stated, as well as generally for the reasons set forth by Qwest in its pleadings, Qwest's Motion to Dismiss (Doc. #4) is granted.[4]

IT IS SO ORDERED.

DATED this 4th day of May, 2007.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Because Qwest concedes that its collateral estoppel argument now is precluded, the Court need not and does not address that issue.